**IN THE UNITED STATES DISTRICT COURT OF
THE DISTRICT OF COLUMBIA**

_____

DELYAN SLAVCHEV PEEVSKI,

and

INT LTD EEOD
Sofia 1618
79 Ralevitsa Street,

and

INTRUST PLC EAD
Sofia 1618
79 Ralevitsa Street,

and

BM SYSTEMS EAD
Sofia 1527
119 Ekzarh Yosif Street,

and

INT INVEST EOOD
Sofia 1618
79 Ralevitsa Street,

and

INTTRAFIK EOOD
Sofia 1618
102 Bulgaria Boulevard,

and

REAL ESTATES INT LTD EOOD
Sofia 1618
79 Ralevitsa Street

    Plaintiffs.

    v.

1

| | |
|---|---|
| JANET YELLEN )<br>in her official capacity as the )<br>Secretary of the U.S. Department of Treasury )<br>1500 Pennsylvania Ave., NW )<br>Washington, D.C. 20220 )<br> )<br>and )<br> )<br>THE UNITED STATES DEPARTMENT OF )<br>THE TREASURY )<br>1500 Pennsylvania Ave., NW )<br>Washington, D.C. 20220 )<br> )<br>and )<br> )<br>ANDREA M. GACKI )<br>in her official capacity as the Director of the )<br>United States Department of the Treasury )<br>Office of Foreign Assets Control )<br>1500 Pennsylvania Avenue, NW )<br>Washington, D.C. 20220 )<br> )<br>and )<br> )<br>THE UNITED STATES DEPARTMENT )<br>OF THE TREASURY OFFICE OF FOREIGN )<br>ASSETS CONTROL )<br>1500 Pennsylvania Avenue, NW )<br>Freedman's Bank Building )<br>Washington, D.C. 20220 )<br> )<br>and )<br> )<br>ANTHONY J. BLINKEN )<br>in his official capacity as the )<br>Secretary of the U.S. Department of State )<br>2201 C Street, NW )<br>Washington, D.C. 20520 )<br> )<br>and )<br> )<br>THE UNITED STATES DEPARTMENT OF )<br>STATE )<br>2201 C Street, NW )<br>Washington, D.C. 20520 )  | Civil No.: 1:22-cv-2334 |

2

|  |  |
|---|---|
| and | ) |
|  | ) |
| TODD D. ROBINSON | ) |
| in his official capacity as the | ) |
| Assistant Secretary of the | ) |
| United States Department of State | ) |
| Bureau of International Narcotics and Law | ) |
| Enforcement Affairs | ) |
| 2201 C Street, NW | ) |
| Washington, D.C. 20520 | ) |
|  | ) |
| and | ) |
|  | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF STATE BUREAU OF INTERNATIONAL | ) |
| NARCOTICS AND LAW ENFORCEMENT | ) |
| AFFAIRS | ) |
| 2201 C Street, NW | ) |
| Washington, D.C. 20520 | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Delyan Slavchev Peevski, Int Ltd EOOD, Intrust PLC EAD, BM Systems EAD, Int Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD, by and through their undersigned counsel, bring this Complaint against Defendants, the United States Department of the Treasury, the United States Department of State (collectively the "Departments"), their respective Secretaries, Janet Yellen and Anthony J. Blinken, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and the United States Department of State's Bureau of International Narcotics and Law Enforcement Affairs and its lead official, Assistant Secretary Todd D. Robinson (collectively "Defendants"), and in support of their complaint alleges:

3

**NATURE OF THE CASE**

1. On June 2, 2021, OFAC imposed blocking sanctions on Mr. Peevski pursuant to Executive Order ("EO") 13818, issued pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.* EO 13818 builds upon the Global Magnitsky Human Rights Accountability Act, 22 U.S.C. § 2656 *et seq.* ("GMA"). As a result of those sanctions, Plaintiffs became Specially Designated Nationals ("SDN") and their names were added to OFAC's Specially Designated Nationals and Blocked Persons List (the "SDN List").

2. Under these sanctions, all of Plaintiffs' property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, are blocked, meaning they cannot be transferred, paid, exported, withdrawn or otherwise dealt in by U.S. persons. EO 13818 § 1(a). Further, U.S. persons are generally prohibited from engaging in any transactions or dealings with any persons on the SDN List. *Id.* §§ 1, 4.

3. EO 13818 also stipulates that non-U.S. persons who "have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of" Plaintiffs risk being added to the SDN List. *Id.* § 1(a)(iii)(A).

4. As a result of OFAC's action, Plaintiffs have been essentially cut off from much of the global financial system. OFAC's jurisdiction reaches foreign financial institutions that rely on the U.S. financial system and threatens them with a loss of commercially significant access should they violate U.S. sanctions. Even where general and specific licenses exist, OFAC's threats of action cause these institutions to refuse to undertake any activities with Plaintiffs for fear of being subject to OFAC's scrutiny.

5. The U.S. Department of State ("State") simultaneously imposed visa sanctions against Plaintiff Mr. Peevski (and Mr. Peevski's two minor children) under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2021, Pub. L. No 116-94, resulting in Mr. Peevski (and his family members) becoming ineligible for entry into the United States.

6. OFAC's action has predictably, and purposefully, caused Plaintiffs substantial harm. Therefore, shortly after their designation, Plaintiffs notified OFAC they would be seeking removal from the SDN List using the regulatory process provided for in 31 C.F.R. § 501.807, which provides the "Procedures governing delisting from the Specially Designated Nationals and Blocked Persons List."

7. To date, the only explanations for Plaintiffs' designation are those contained in OFAC's press release of June 2, 2021, and a similar press release from State on that same date. OFAC's press release can be found at: https://home.treasury.gov/news/press-releases/jy0208. State's press release can be found at: https://www.state.gov/public-designation-of-five-bulgarian-public-officials-due-to-involvement-in-significant-corruption/. These press releases, which constitute the entirety of the record against Plaintiffs, make unsubstantiated, broad allegations against Mr. Peevski, provide no evidentiary support for any of those allegations, and contain no specifics concerning the actual reasons or bases for the designations. No allegations are made against any Plaintiff except Mr. Peevski. The entity Plaintiffs were designated solely on the basis of his ownership of them.

8. To meaningfully avail themselves of the right to seek reconsideration of these unsupported designations, beginning in July 2021 Plaintiffs sought the complete record supporting the decisions to impose these sanctions.

9. Despite Plaintiffs' multiple and repeated requests, Defendants have yet to produce a single record in over a year providing any justification for the designations beyond the vague generalities in the two press releases.

10. Defendants' refusal to timely produce the evidence it relied on to support its sanctions reveals that the sanctions, and OFAC's effective refusal to delist Plaintiffs under its own regulations by refusing to provide information necessary to effectively seek delisting or timely rule on Plaintiffs' reconsideration request, violates the Administrative Procedure Act. Accordingly, the Court should hold unlawful and set aside the sanctions imposed on Plaintiffs and provide the other relief outlined in this Complaint.

11. OFAC's and State's refusal to produce any other information requires that they be limited solely to that information made available: the press releases dated June 2, 2021. They should not be permitted to benefit from their dilatory tactics. The information in those press releases is inadequate as a matter of law to sustain the designations.

12. Plaintiffs also request that the Court prohibit OFAC and State from sanctioning them for any alleged action(s) occurring up to the date of the original designation—June 2, 2021—due to Defendants' actions.

**JURISDICTION AND VENUE**

13. The Court has jurisdiction under 28 U.S.C. § 1331 as this action arises under the laws of the United States.

14. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

15. Plaintiff Delyan Slavchev Peevski is a citizen of Bulgaria. On June 2, 2021, Mr. Peevski was sanctioned by both OFAC and State, and was added to the SDN List maintained and administered by OFAC. State's sanctions rendered Mr. Peevski and his children ineligible for entry into the United States.

16. Plaintiff Int Ltd EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Int Ltd EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Int Ltd EOOD is located at Sofia 1618, 79 Ralevitsa Street.

17. Plaintiff Intrust PLC EAD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Intrust PLC EAD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Intrust PLC EAD is located at Sofia 1618, 79 Ralevitsa Street.

18. Plaintiff BM Systems EAD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, BM Systems EAD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. BM Systems EAD is located at Sofia 1527, 119 Ekzarh Yosif Street.

19. Plaintiff Int Invest EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Int Invest EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Int Invest EEOD is located at Sofia 1618, 79 Ralevitsa Street.

20. Plaintiff Inttrafik EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Inttrafik EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Inttrafik EEOD is located at Sofia 1618, 102 Bulgaria Boulevard.

21. Plaintiff Real Estates Int Ltd EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Real Estates Int Ltd EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Real Estates Int Ltd EOOD is located at Sofia 1618, 79 Ralevitsa Street.

22. Defendant OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by developing and issuing regulations pursuant to the laws and executive orders that authorize economic sanctions actions. OFAC is also the primary agency responsible for designating persons as SDNs and enforcing U.S. sanctions. OFAC's sanctions responsibilities include designations and implementation under the GMA and EO 13818.

23. The Department of State's Bureau of International Narcotics and Law Enforcement Affairs ("INL") is responsible for addressing transnational crime and corruption. INL is also responsible for designations under the GMA and pursuant to section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2021. The Department of State is located at 2201 C St., NW, Washington, DC 20520.

24. Defendant Janet Yellen is the Secretary of the Treasury of the United States. Ms. Yellen is sued in her official capacity.

25. Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

26. Defendant Anthony Blinken is the Secretary of State of the United States. Mr. Blinken is sued in his official capacity.

27. Defendant Todd D. Robinson is the Assistant Secretary of the Bureau of International Narcotics and Law Enforcement Affairs. Mr. Robinson is sued in his official capacity.

## STATEMENT OF FACTS AND ALLEGATIONS

28. This lawsuit arises out of OFAC's failure to abide by its own regulations, and as a result, affirmative deprivation of Plaintiffs' ability to know and challenge the reasons and bases for the imposition of sanctions against him. OFAC has failed to articulate any facts that support Plaintiffs' designation, and it has maintained the designation despite the lack of a record to support its action. Further, OFAC has refused to produce an administrative record in support of its designation, extending well beyond a year after the designation was made despite multiple requests for the information the agency relied on to substantiate its actions. State has been similarly recalcitrant.

29. On June 2, 2021, OFAC added Plaintiffs to the SDN List along with six entities owned or controlled by Plaintiffs. Those six entities are: Int Ltd EOOD and Intrust PLC EAD (which OFAC identified as owned or controlled by Plaintiffs), and BM Systems EAD, Int Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD (which are owned or controlled by Intrust PLC EAD).

30. Simultaneously, State imposed sanctions against Mr. Peevski (and his two children) under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2021, Pub. L. No 116-94 ("FORPA"). State's action rendered Mr. Peevski ineligible for entry into the United States while OFAC's action resulted in Plaintiffs being designated as SDNs.

31. The only notice, official or otherwise, of these sanctions were two press releases—one from OFAC, and another from State—and an essentially redundant (though even less informative) notice by OFAC in the Federal Register on June 8, 2021 (86 Fed. Reg. 30517). Neither agency provides notice directly to designated persons.

32. The press releases provide limited, general allegations concerning behavior or actions that the respective agencies claim support the designations. Neither press release includes allegations of specific actions; and to date, despite repeated requests, neither agency has identified specific actions that support the designations. For example, OFAC alleges broadly that Mr. Peevski was involved with "selling" residency documents to foreign persons but does not allege or identify any specific occurrences.

33. The vagueness of these allegations frustrated Bulgarian authorities who investigated the assertions independently, only to conclude that there was absolutely no evidence to support any of the allegations in the Departments' press releases.

34. Similarly, OFAC's press release asserts that Mr. Peevski "has regularly engaged in corruption, using influence peddling and bribes," but contains no specific facts to support these allegations. The press release states that Mr. Peevski "actively worked to negatively influence the Bulgarian political process in the October 27, 2019, municipal elections," asserting that he "negotiated with politicians to provide them with political

support and positive media coverage in return for receiving protection from criminal investigations." The lack of specificity regarding these claims similarly frustrated the Bulgarian authorities, who concluded that there was absolutely no evidence to support them, and that the generality of these claims rendered further investigation fruitless.

35. OFAC's "examples" make vague assertions about relationships that Mr. Peevski allegedly has with third parties. For example, OFAC asserts that another individual, Dimitrov Zhelyazkov, who OFAC claims "was known for offering bribes to senior Bulgarian government officials" acted on behalf of Mr. Peevski. These "officials" were allegedly "expected to provide information . . . for onward passage" to Mr. Peevski and "[i]n return . . . were placed in positions of authority and also provided a monthly bribe." OFAC has provided no evidence to support these allegations and conclusions.

36. OFAC also asserts that Mr. Peevski "had an official placed in a leadership position to embezzle funds to them in 2019." OFAC does not describe how or why such action took place or could have taken place, explain how Mr. Peevski could make such arrangements, nor provide any details concerning any supporting fact. Nor does OFAC include anything identifying the official allegedly placed, the monies allegedly paid or embezzled, the manner in which the alleged embezzlement occurred, or any other pertinent fact.

37. OFAC's press release further alleges that Mr. Peevski and an accomplice "ran a scheme to sell Bulgarian residency documents where company representatives purportedly paid bribes to Bulgarian officials to ensure their clients received citizenship documents immediately rather than making the $500,000 deposit or waiting the five years

11

for a legitimate request to be processed." Like with the other allegations, OFAC provides no information other than these conclusory assertions.

38. Without a single fact to support its allegations, OFAC concludes, parroting the GMA and EO 13818, that Mr. Peevski is "responsible for or complicit in, or who have directly or indirectly engaged in, corruption, including the misappropriation of state assets, the expropriation of private assets for personal gain, corruption related to government contracts or the extraction of natural resources, or bribery."

39. State's press release is even less informative, justifying its action on the following: "In his capacity as a member of parliament, Mr. Peevski used Zhelyazkov, an official in the National Bureau for Control on Special Intelligence-Gathering Devices, as an intermediary and accomplice to peddle influence and pay bribes to protect himself from public scrutiny and to exert influence over key institutions and sectors in Bulgarian society."

40. Shortly after OFAC and State imposed sanctions, Plaintiffs made their initial request for the information and any facts and evidence that the agencies relied on for the designations. Over the course of the following year, Plaintiffs made multiple requests for that information.

41. Despite representing that the "administrative record" would be forthcoming within "weeks", Plaintiffs have yet to receive any part of the record upon which OFAC and State allegedly relied on in making their determinations.

42. Plaintiffs have now been sanctioned for more than 14 months, during which time they have not had access to the U.S. financial system. For example, this prohibits banks around the world with correspondent status in the U.S. (which is the vast majority

of banks in the world) from dealing with Plaintiffs, as well as any other entity with business activities in the U.S. Plaintiffs lives in fear that the U.S. may try to seize, compel others to seize, or compel third parties subject to U.S. jurisdiction to take adverse action against him. All of these consequences flow from OFAC's improper designation of Plaintiffs as an SDN.

43. Despite Plaintiffs' requests and repeated representations from Defendants that an "administrative record" supporting these allegations exists, Defendants have failed to provide a scintilla of evidence in support of their press statements. Defendants maintain these sanctions despite failing to provide factual support or basis for their actions.

44. The lack of evidentiary support in the OFAC and State press releases renders the designations unsupportable. In fact, Bulgaria's Office of Special Prosecutor investigated the general allegations in the agencies' press releases and, after spending several months attempting to independently corroborate these general statements, concluded that there was no evidence to support the agencies' assertions. The Special Prosecutor notes that the lack of specificity made it impossible to confirm the US government's allegations.

45. Plaintiffs are subject to these sanctions indefinitely, while their request for the record remains mired in bureaucratic red tape. Unable to see the evidence used to impose the sanctions, Plaintiffs are hamstrung in their ability to seek administrative relief. Defendants' actions effectively force Plaintiffs to seek a delisting under 31 C.F.R. § 501.807 and to show that an "insufficient basis exists" for the sanctions without knowing Defendants' reasons for the actions.

46.     Faced with this situation, Plaintiffs submitted arguments seeking a delisting under section 501.807, and reminded Defendants that their failure to produce the record left Plaintiffs largely in the dark.  In addition to being fundamentally unfair, Defendants' actions have perpetuated the designation without justification.

47.     On multiple occasions, Plaintiffs reminded OFAC that its failure to produce the "administrative record" has prejudiced Plaintiffs and continues to cause Plaintiffs harm.

48.     Classification of certain materials cannot excuse this extreme and prejudicial delay. Plaintiffs requested that OFAC provide Plaintiffs with the *unclassified* portions of the administrative record so Plaintiffs could understand and address the allegations against him.  OFAC declined that request.

49.     Despite OFAC's continuing inability to provide any further evidence of record, Plaintiffs provided responses to questions issued by OFAC on March 8, 2022.  In their responses, Plaintiffs reiterated their concerns with OFAC's failure to provide an administrative record and that this refusal continued to work to Plaintiffs' detriment.

50.     More than a year after Plaintiffs were designated by OFAC, the agency has failed to produce an administrative record supporting their continued designation, leading to the inevitable conclusion that Defendants lack any further evidence on which to base the designation.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—
### IMPOSITION OF SANCTIONS
### (AGAINST ALL DEFENDANTS)

51.     Paragraphs 1 through 50 are re-alleged and incorporated by reference as though fully set forth therein.

52.     Under the Administrative Procedure Act, agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

53.     Under the Administrative Procedure Act, agency action found to be without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(D).

54.     Defendants' imposition of sanctions on Plaintiffs on the only record made available—two press releases—lacks facts and circumstances adequate to support that action and is therefore arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

55.     Defendants have violated their procedural duty to provide the reasons and bases for their decisions.

56.     The Court should therefore hold unlawful and set aside OFAC's and State's imposition of sanctions on Plaintiffs.  In addition, having refused to provide any portion of the administrative record to Plaintiffs, the Court should order that the administrative record is limited to what Defendants have released publicly prior to the filing of this lawsuit.

## COUNT II
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—
## EFFECTIVE REFUSAL TO RECONSIDER
## (AGAINST OFAC ONLY)

57. Paragraphs 1 through 56 are re-alleged and incorporated by reference as though fully set forth therein.

58. Under 31 C.F.R. § 501.807, Plaintiffs may seek reconsideration of their designation by submitting "arguments or evidence that [they] believe[] establishes that insufficient basis exists for the designation."

59. Plaintiffs have requested such reconsideration from OFAC. Defendants' failure to provide Plaintiffs with any additional information relating to their designations vitiates the procedural rights granted in 31 C.F.R. § 501.807.

60. Absent the reasons and bases for Defendants' decisions, Plaintiffs have no ability to effectively respond to or refute Defendants' generalized assertions.

61. Defendants have had ample time to produce the "administrative record" upon which they relied but have declined to do so, despite repeated requests.

62. Defendants' failure to produce the "administrative record" or any other records demonstrating a good faith basis for Plaintiffs' designations represents behavior that is arbitrary, capricious and contrary to law.

63. Likewise, OFAC's failure to timely rule on Plaintiffs' request for reconsideration is arbitrary, capricious, and contrary to law.

64. As a result of Defendants' delays, Plaintiffs have been deprived of their ability to effectively seek reconsideration of their designations and deprived of their rights under section 501.807, effectively denying their request for reconsideration.

65. Accordingly, the Court should hold unlawful and set aside OFAC's effective denial of Plaintiffs' request for reconsideration under Section 501.807 as arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law. In addition, having refused to provide any portion of the administrative record to Plaintiffs, the Court should order that the administrative record is limited to what Defendants have released publicly prior to the filing of this lawsuit.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for the Court to provide the following relief:

1. Hold unlawful and set aside OFAC's and State's imposition of sanctions on Plaintiffs.

2. Hold unlawful and set aside OFAC's effective denial of Plaintiffs' request for reconsideration under 31 C.F.R. § 501.807.

3. Order that the full and complete administrative record is comprised only of the June 2, 2021 press releases issued by State and OFAC, and the June 8, 2021 Federal Register notice.

4. Permanently enjoin Defendants from imposing sanctions of the type and nature against the Plaintiffs.

5. Enter judgment in Plaintiffs' favor on all counts.

6. Award Plaintiffs their attorneys' fees and costs;

7. Any other such relief as the Court deems just and proper.

Dated: August 6, 2022

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

<u>/s/ Patrick A. Harvey</u>
Kenneth J. Nunnenkamp  (Bar No. 420914)
(*D.D.C. admission pending*)
Patrick A. Harvey (Bar No. 995570)
Amanda L. Salz  (Bar No. 1671976)
(*D.D.C. admission pending*)
1111 Pennsylvania Avenue NW
Washington, DC 20004
Tel:  (202) 739-6000
Fax: (202) 739-6001
Email: patrick.harvey@morganlewis.com
          kenneth.nunnemkamp@morganlewis.com
          amanda.salz@morganlewis.com

*Attorneys for Plaintiffs*