**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEYLAN SLAVCHEV PEEVSKI, *et al.*,

Plaintiffs,

v.

JANET YELLEN
Secretary of the Treasury, *et al.*,

Defendants.

Civil Action No. 22-02334 (TSC)

**DEFENDANTS' PARTIAL ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Janet Yellen, the United States Department of the Treasury, Andrea M. Gacki, in her official capacity as the Director of the Office of Foreign Assets Control ("OFAC"), and OFAC (collectively, "Treasury Defendants") hereby partially answer the Complaint ("the Complaint") filed by Plaintiffs Deylan Slavchev Peevksi, *et al.* (collectively, "Plaintiffs") as it pertains to the Treasury Defendants. At this time, the Treasury Defendants respectfully decline to address the allegations in the Complaint pertaining to Defendants Antony J. Blinken, in his official capacity as the Secretary of the United States Department of State, the United States Department of State, Todd. D. Robinson, in his official capacity as the Assistant Secretary of the United States Department of State Bureau of International Narcotics and Law Enforcement Affairs, and the United States Department of State Bureau of International Narcotics and Law Enforcement Affairs (collectively, "State Department Defendants"), who have filed a motion to dismiss. The introductory, non-numbered paragraph of the Complaint contains Plaintiffs' characterization of this lawsuit, to which no response is required; to the extent a response is required, the Treasury Defendants refer the Court to the Complaint for a full and complete statement of its contents. The

Treasury Defendants answer the allegations of the Complaint in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs:

1. Admitted.

2. Admitted.

3. This paragraph characterizes Executive Order (E.O.) 13818. The Court is respectfully referred to E.O. 13818 for a full and complete statement of its contents.

4. The Treasury Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first and third sentences of the paragraph. The second sentence is denied, except to admit that, pursuant to E.O. 13818, all property and interests in property of the Plaintiffs that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person may not be transferred, paid, exported, withdrawn, or otherwise dealt in. The Court is respectfully referred to E.O. 13818 for a full and complete statement of its contents, including the actions that foreign financial institutions may take that would potentially subject them to sanctions under E.O. 13818.

5. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph because they pertain to allegations against the State Department Defendants, who have filed a motion to dismiss.

6. The first sentence is denied. The second sentence is denied except to admit that Plaintiffs notified OFAC on June 17, 2021 that they intended to petition for delisting and stated they would submit a detailed petition later to request removal from the SDN List; on August 25, 2021, OFAC requested that Plaintiffs provide the additional detailed petition and supporting documents, but did not receive these materials from Plaintiffs until February 8, 2022.

7. The first, third and fourth sentences are denied except to admit that OFAC provided notice of the legal and factual bases of Plaintiffs' designations via a June 2, 2021 press release and in the Federal Register on June 8, 2021 (86 Fed. Reg. 30517). The Court is respectfully referred to the press release and Federal Register notice for a full and complete statement of their contents. In addition, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The second sentence is admitted. The fifth sentence is denied except to admit that Int Ltd EOOD and Intrust PLC EAD were designated based on Plaintiff Peevski's ownership or control of the companies, and BM Systems EAD, Int Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD were designated based on the fact that they were owned or controlled by Intrust PLC EAD.

8. Admitted that Plaintiffs sought the complete factual record supporting their June 2, 2021 designations. Denied that these designations were "unsupported."

9. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As to the allegations pertaining to the Treasury Defendants, denied. OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

10. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. Denied that the Treasury Defendants have refused to timely produce the evidence relied upon to support Plaintiffs' designations, or that OFAC has "effective[ly] refus[ed]" to delist Plaintiffs by refusing to provide information necessary to seek delisting. The Treasury Defendants further aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the

Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.  The remaining allegations in the paragraph contain legal conclusions or Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, denied.

11. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss.  The allegation in the first sentence that OFAC has failed to produce "any other information" beyond its June 2, 2021 press release is denied.  The Treasury Defendants further aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.  The allegation in the second sentence that OFAC has engaged in dilatory tactics is denied.  The remaining allegations in this sentence contain arguments, to which no response is required.  To the extent a response is required, denied.  The third sentence contains legal conclusions, to which no response is required.  To the extent a response is required, denied.

12. This paragraph contains Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, the Treasury Defendants deny that Plaintiffs are entitled to any relief whatsoever.

13. This paragraph contains legal conclusions, to which no response is required; to the extent a response is required, admitted as the allegation pertains to the Treasury Defendants.

14. This paragraph contains legal conclusions, to which no response is required; to the extent a response is required, admitted.

15. At this time, the Treasury Defendants respectfully decline to address the allegations in the Complaint pertaining to the State Department Defendants, who have filed a motion to dismiss. The allegations in the paragraph pertaining to the Treasury Department Defendants are admitted.

16. Admitted.

17. Admitted.

18. With regard to the first sentence, the Treasury Defendants deny that BM Systems EAD was designated based on Plaintiff Peevski's ownership of the entity. The Treasury Defendants admit the remaining allegations in the first sentence. The second and third sentences are admitted.

19. With regard to the first sentence, the Treasury Defendants deny that Int. Invest EOOD was designated based on Plaintiff Peevski's ownership of the entity. The Treasury Defendants admit the remaining allegations in the first sentence. The second and third sentences are admitted.

20. With regard to the first sentence, the Treasury Defendants deny that Inttrafik EOOD was designated based on Plaintiff Peevski's ownership of the entity. The Treasury Defendants admit the remaining allegations in the first sentence. The second and third sentences are admitted.

21. With regard to the first sentence, the Treasury Defendants deny that Real Estates Int Ltd EOOD was designated based on Plaintiff Peevski's ownership of the entity. The Treasury Defendants admit the remaining allegations in the first sentence. The second and third sentences are admitted.

22. With regard to the first sentence, admit that OFAC is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) located at 1500 Pennsylvania Avenue, N.W., Freedman's Bank Building, Washington, D.C. The second sentence is admitted. Regarding the third sentence, denied except to admit that OFAC is an agency responsible for designating persons and enforcing U.S. sanctions; however, there are other agencies within the United States Government that also have responsibility for enforcing U.S. sanctions. Admit the allegations in the fourth sentence.

23. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph because they pertain to allegations against the State Department Defendants, who have filed a motion to dismiss.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. At this time, the Treasury Defendants respectfully decline to address the allegations in the paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. The remaining allegations in the paragraph are denied except to admit that, in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

29. The first sentence is denied except to admit that OFAC blocked the property and interests in property of Plaintiff Peevski, Int Ltd EOOD, Intrust PLC EAD, BM Systems EAD, Int

Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD, and placed them on the SDN List pursuant to E.O. 13818 on June 2, 2021. The second sentence is admitted.

30. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph because they pertain to allegations against the State Department Defendants, who have filed a motion to dismiss.

31. At this time, the Treasury Defendants respectfully decline to address the allegations in the paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. With regard to the Treasury Defendants, the first sentence is denied, except to admit that OFAC provided notice of the legal and factual bases of Plaintiffs' designations via a June 2, 2021 press release and June 8, 2021 notice in the Federal Register. The Court is respectfully referred to the press release and Federal Register notice for a full and complete statement of their contents. With respect to the second sentence, denied except to admit that OFAC did not provide any additional notice directly to Plaintiffs at the time of designation beyond the aforementioned press release and federal register notice..

32. At this time, the Treasury Defendants respectfully decline to address the allegations in the paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. With regard to the allegations in the first sentence pertaining to the Treasury Defendants, denied that OFAC has provided limited or general allegations or has failed to provided evidence of specific actions that support Plaintiffs' designations. The Treasury Defendants further aver that in addition to the June 2, 2021 press release, which address specific actions that support Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

The remaining allegations in this paragraph characterize OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and complete description of its contents.

33. At this time, the Treasury Defendants respectfully decline to address the allegations in the paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. Denied that OFAC has provided vague allegations to support Plaintiffs' designations. As to the remaining allegations regarding the conclusions of the Bulgarian authorities, the Court is respectfully referred to the conclusions of the Bulgarian authorities for a full and complete statement of their contents.

34. The first two sentences of this paragraph contain allegations characterizing OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and complete description of its contents. With respect to the third sentence, denied that OFAC's press release lacked specificity; with respect to the remaining allegations in this sentence concerning the Bulgarian authorities, the Treasury Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations.

35. The first three sentences of this paragraph characterize OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and complete description of its contents. The fourth sentence is denied. The Treasury Defendants further aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022

36. The allegations in this paragraph characterize OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and accurate description of its contents.

37. The first sentence characterizes OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and accurate description of its contents. The second sentence alleging that OFAC has made conclusory assertions without evidence is denied. The Treasury Defendants further aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

38. The allegations in this paragraph characterize OFAC's June 2, 2021 press release. The Court is respectfully referred to the press release for a full and accurate description of its contents. Denied that OFAC has not provided a "single fact" to support its designations of Plaintiff Peevski. The Treasury Defendants further aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register providing notice of the legal and factual bases of Plaintiffs' designations, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

39. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss.

40. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. With respect to the remaining allegations pertaining to the Treasury Defendants, denied except to admit that Plaintiffs made several requests for the information related to Plaintiffs' designations..

41. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As to the remaining allegations that pertain to the Treasury Defendants, denied. The Treasury Defendants further aver that OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits that formed the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

42. The first two sentences are denied except to admit that OFAC blocked the property and interests in property of Plaintiffs and placed them on the SDN List pursuant to E.O. 13818 on June 2, 2021, and that all of Plaintiffs' property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person may not be transferred, paid, exported, withdrawn, or otherwise dealt in. With respect to the third sentence, the Treasury Defendants lack knowledge or sufficient information to form a belief as to the truth of these allegations. The fourth sentence is denied to the extent Plaintiffs allege that their designations by OFAC were improper. The Treasury Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the fourth sentence.

43. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to

dismiss. As to the allegations that pertain to the Treasury Defendants, denied. OFAC provided notice of the legal and factual basis of Plaintiffs' designations via a June 2, 2021 press release and in the Federal Register on June 8, 2021. The Treasury Defendants further aver that in addition, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

44. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As to the remaining allegations in the first sentence that pertain to the Treasury Defendants, denied and the Court is respectfully referred to the OFAC press release for a full and complete statement of their contents. With respect to the second and third sentences, the Court is respectfully referred to the conclusions of Bulgaria's Office of Special Prosecutor for a full and complete statement of their contents.

45. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As to the allegations in the first and second sentences that pertain to the Treasury Defendants, denied. The Treasury Defendants further aver that OFAC provided notice of the legal and factual basis of Plaintiffs' designations via a June 2, 2021 press release and in the Federal Register on June 8, 2021. The Treasury Defendants further aver that, in addition, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The Treasury Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the third sentence.

46. With respect to the first sentence, admitted that Plaintiffs have submitted a delisting petition pursuant 31 C.F.R. 501.807. The remaining allegations in the first sentence characterize Plaintiffs' correspondence with OFAC, and the Court is respectfully referred to this correspondence for a full and complete statement of its contents. The second sentence is denied.

47. The allegations in this paragraph characterize correspondence submitted by Plaintiffs to OFAC. The Court is respectfully referred to this correspondence for a full and complete statement of its contents. Denied that OFAC failed to produce the administrative record for Plaintiffs' designations. OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

48. The first sentence contains arguments to which no response is required; to the extent a response is required, denied that OFAC has caused any prejudicial delay. The second sentence contains allegations characterizing correspondence submitted by Plaintiffs to OFAC. The Court is respectfully referred to the contents of this correspondence for a full and complete statement of its contents, though the Treasury Defendants aver that OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The third sentence is denied.

49. With respect to the allegations in this paragraph characterizing correspondence submitted by Plaintiffs to OFAC, the Court is respectfully referred to the contents of this correspondence for a full and complete statement of its contents. The remaining allegations alleging that OFAC failed to provide an administrative record are denied. The Treasury Defendants aver that OFAC produced unclassified copies of the evidentiary memoranda and

supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

50.  Denied.  The Treasury Defendants aver that OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

51.  The Treasury Defendants repeat and incorporate by reference their responses to paragraphs 1 to 0 of the Complaint.

52.  This paragraph contains characterizations of the Administrative Procedure Act; the Court is referred to the statute for a full and complete statement of its contents.

53.  This paragraph contains characterizations of the Administrative Procedure Act; the Court is referred to the statute for a full and complete statement of its contents.

54.  At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss.  Denied that the Treasury Defendants designated Plaintiff based on the June 2, 2021 press release.  The Treasury Defendants aver that the June 2, 2021 press release and June 8, 2021 Federal Register notice provided notice of the legal and factual bases of Plaintiffs' designations; and further aver that classified material also supported Plaintiffs' designations.  The Treasury Defendants further aver that they provided unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis of Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, denied.

55. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As the allegations pertain to the Treasury Defendants, denied.

56. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to allegations against the State Department Defendants, who have filed a motion to dismiss. With respect to the allegations in the first sentence that pertain to the Treasury Defendants, these allegations contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Treasury Defendants deny that Plaintiffs are entitled to any of the requested relief. With respect to the second sentence, denied that OFAC has not provided the administrative record to Plaintiffs; the Treasury Defendants aver that OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The remaining allegations in this sentence contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Treasury Defendants deny that Plaintiffs are entitled to any of the requested relief.

57. Defendants repeat and incorporate by reference their responses to paragraphs 1 to 56 of the Complaint.

58. This paragraph contains characterizations of an OFAC regulation; the Court is referred to the regulations for a full and complete statement of its contents.

59. The Treasury Defendants admit the allegations in the first sentence. With respect to the second sentence, denied that the Treasury Defendants have failed to provide plaintiffs with "additional" information relating to their designations beyond OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register. The Treasury Defendants aver that OFAC

produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The remaining allegations in this sentence contain legal conclusions, to which no response is required. To the extent a response is required, denied.

60. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. Denied that the Treasury Defendants have not provided the "reasons and bases" for OFAC's designation and that Plaintiffs have no ability to effectively respond to or refute the grounds for their OFAC designations. The Treasury Defendants aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

61. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. As the allegations pertain to the Treasury Defendants, denied. The Treasury Defendants aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022.

62. At this time, the Treasury Defendants respectfully decline to address the allegations in this paragraph that pertain to the State Department Defendants, who have filed a motion to dismiss. Denied that the Treasury Defendants have failed to produce the administrative record or any other records demonstrating a good faith basis for Plaintiffs' designation. The Treasury Defendants aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in

the Federal Register, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The remaining allegations in this sentence contain legal conclusions to which no response is required. To the extent a response is required, denied.

63. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

64. Denied.

65. The first sentence contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Treasury Defendants deny that Plaintiffs are entitled to any of the requested relief. At this time, the Treasury Defendants respectfully decline to address the allegations in the second sentence that pertain to the State Department Defendants, who have filed a motion to dismiss. As the allegations in the second sentence pertain to the Treasury Defendants, denied that the Treasury Defendants have "refused to provide any portion of the administrative record to Plaintiffs." The Treasury Defendants aver that in addition to OFAC's June 2, 2021 press release and June 8, 2021 notice in the Federal Register, OFAC produced unclassified copies of the evidentiary memoranda and supporting exhibits forming the basis for Plaintiffs' designations to Plaintiffs' counsel on October 14, 2022. The remaining allegations in the second sentence contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the Treasury Defendants deny that Plaintiffs are entitled to any of the requested relief

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, the Treasury Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that

Plaintiffs are not entitled to any relief. The Treasury Defendants also deny all allegations in the Complaint not expressly admitted or denied.

Dated: October 28, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Director

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT (PA Bar# 203986)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, I electronically transmitted the foregoing to the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch