**IN THE UNITED STATES DISTRICT COURT OF**
**THE DISTRICT OF COLUMBIA**

_____   )
                                            )
DELYAN SLAVCHEV PEEVSKI,                     )
                                            )
              and                           )
                                            )
INT LTD EEOD                                )
Sofia 1618                                  )
79 Ralevitsa Street,                        )
                                            )
              and                           )
                                            )
INTRUST PLC EAD                             )
Sofia 1618                                  )
79 Ralevitsa Street,                        )
                                            )
              and                           )
                                            )
BM SYSTEMS EAD                              )
Sofia 1527                                  )
119 Ekzarh Yosif Street,                    )
                                            )
              and                           )
                                            )
INT INVEST EOOD                             )
Sofia 1618                                  )
79 Ralevitsa Street,                        )
                                            )
              and                           )
                                            )
INTTRAFIK EOOD                              )
Sofia 1618                                  )
102 Bulgaria Boulevard,                     )
                                            )
              and                           )
                                            )
REAL ESTATES INT LTD EOOD                   )
Sofia 1618                                  )
79 Ralevitsa Street                         )
                                            )
         Plaintiffs.                        )
                                            )
              v.                            )
                                            )

1

JANET YELLEN                                                                   )
in her official capacity as the                                               )
Secretary of the U.S. Department of Treasury                                  )
1500 Pennsylvania Ave., NW                                                    )
Washington, D.C. 20220                                                        )
                                                                              )
            and                                                               )
                                                                              )
THE UNITED STATES DEPARTMENT OF                                               )
THE TREASURY                                                                  )
1500 Pennsylvania Ave., NW                                                    )
Washington, D.C. 20220                                                        )
                                                                              )
            and                                                               )
                                                                              )
ANDREA M. GACKI                                                               )     Civil No.: 1:22-cv-2334
in her official capacity as the Director of the                               )
United States Department of the Treasury                                      )
Office of Foreign Assets Control                                              )
1500 Pennsylvania Avenue, NW                                                  )
Washington, D.C. 20220                                                        )
                                                                              )
            and                                                               )
                                                                              )
THE UNITED STATES DEPARTMENT                                                  )
OF THE TREASURY OFFICE OF FOREIGN                                             )
ASSETS CONTROL                                                                )
1500 Pennsylvania Avenue, NW                                                  )
Freedman's Bank Building                                                      )
Washington, D.C. 20220                                                        )
                                                                              )
            and                                                               )
                                                                              )
ANTHONY J. BLINKEN                                                            )
in his official capacity as the                                               )
Secretary of the U.S. Department of State                                     )
2201 C Street, NW                                                             )
Washington, D.C. 20520                                                        )
                                                                              )
            and                                                               )
                                                                              )
THE UNITED STATES DEPARTMENT OF                                               )
STATE                                                                         )
2201 C Street, NW                                                             )
Washington, D.C. 20520                                                        )

```
                                                )
              and                               )
                                                )
TODD D. ROBINSON                                )
in his official capacity as the                 )
Assistant Secretary of the                      )
United States Department of State               )
Bureau of International Narcotics and Law       )
Enforcement Affairs                             )
2201 C Street, NW                               )
Washington, D.C. 20520                          )
                                                )
              and                               )
                                                )
THE UNITED STATES DEPARTMENT                    )
OF STATE BUREAU OF INTERNATIONAL                )
NARCOTICS AND LAW ENFORCEMENT                   )
AFFAIRS                                         )
2201 C Street, NW                               )
Washington, D.C. 20520                          )
                                                )
              Defendants.                       )
```

### AMENDED COMPLAINT

Plaintiffs, Delyan Slavchev Peevski, Int Ltd EOOD, Intrust PLC EAD, BM Systems EAD, Int Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD,  by and through their undersigned counsel, bring this Amended Complaint against Defendants, the United States Department of the Treasury, the United States Department of State (collectively the "Departments"), their respective Secretaries, Janet Yellen and Anthony J. Blinken, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and the United States Department of State's Bureau of International Narcotics and Law Enforcement Affairs and its lead official, Assistant Secretary Todd D. Robinson (collectively "Defendants"), and in support of their complaint allege:

**NATURE OF THE CASE**

1.     On June 2, 2021, OFAC imposed blocking sanctions on Mr. Peevski pursuant to Executive Order ("EO") 13818, issued pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*  EO 13818 builds upon the Global Magnitsky Human Rights Accountability Act, 22 U.S.C. § 2656 *et seq.* ("GMA"). The remaining Plaintiffs were sanctioned as being "owned or controlled" by Mr. Peevski or "one of his companies."   As a result of those sanctions, Plaintiffs became Specially Designated Nationals ("SDN") and their names were added to OFAC's Specially Designated Nationals and Blocked Persons List (the "SDN List").

2.     Under these sanctions, all of Plaintiffs' property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, are blocked, and cannot be transferred, paid, exported, withdrawn or otherwise dealt in by U.S. persons. EO 13818 § 1(a).  Further, U.S. persons are generally prohibited from engaging in any transactions or dealings with any persons on the SDN List. *Id.* §§ 1, 4.

3.     EO 13818 also stipulates that non-U.S. persons who "have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of" Plaintiffs risk being added to the SDN List. *Id.* § 1(a)(iii)(A).

4.     As a result of OFAC's action, Plaintiffs have been essentially cut off from the global financial system involving U.S. institutions.  OFAC's jurisdiction reaches foreign financial institutions that rely on the U.S. financial system and threatens them with a loss of commercially significant access should they violate U.S. sanctions.  Even where general and specific licenses exist, OFAC's threats of action cause these institutions to

"over-comply" and refuse to undertake activities with Plaintiffs for fear of being subject to OFAC's scrutiny.

5.      The U.S. Department of State ("State") simultaneously imposed visa sanctions against Plaintiff Mr. Peevski (and Mr. Peevski's two minor children) under Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act of 2021, Pub. L. No 116-94 ("FORPA"), publicly identifying Mr. Peevski and his two minor children as ineligible for entry into the United States pursuant to FORPA.

6.      Section 7031(c) of FORPA allows State to impose sanctions only upon "officials of foreign governments" and the immediate family members of such officials.  At the time of Mr. Peevski's designation, however, Mr. Peevski was not an "officials of [a] foreign government[]."

7.      OFAC's and State's actions have predictably, and purposefully, caused Plaintiffs substantial harm.  Therefore, shortly after their designation, Plaintiffs notified OFAC they would be seeking removal from the SDN List using the regulatory process provided for in 31 C.F.R. § 501.807, which provides the "Procedures governing delisting from the Specially Designated Nationals and Blocked Persons List."

8.      At the time Plaintiffs filed their initial Complaint, the only explanations for Plaintiffs' designation were those contained in OFAC's press release of June 2, 2021, and a similar press release from State on that same date.  OFAC's press release can be found at: https://home.treasury.gov/news/press-releases/jy0208.  State's press release can be found at: https://www.state.gov/public-designation-of-five-bulgarian-public-officials-due-to-involvement-in-significant-corruption/.  These press releases, which

constituted the entirety of the record against Plaintiffs at that time, make unsubstantiated, broad allegations against Mr. Peevski, provide no evidentiary support for any of those allegations, and contain no specifics concerning the actual reasons or bases for the designations.  No allegations are made against any Plaintiff except Mr. Peevski.  The entity Plaintiffs were designated solely on the basis of his ownership or control of them.

9.     To meaningfully avail themselves of the right to seek reconsideration of these unsupported designations, beginning in July 2021 Plaintiffs sought the complete record supporting the decisions to impose these sanctions.

10.     Despite Plaintiffs' multiple and repeated requests, Defendants failed for more than a year to produce a single record providing any justification for the designations beyond the vague generalities in the two press releases.  Only after this litigation was filed did Defendants produce what it represents is the administrative record.  The production includes a document represented to be an internal department memorandum containing the reasons and bases for the designations.  However, that document is almost completed redacted, providing Plaintiffs with only a single Internet citation as the justification for OFAC's action.

11.     Defendants' undue and unreasonable delay and refusal to produce the evidence relied on to support their sanctions actions violates the Administrative Procedure Act.  By refusing to provide information necessary for Plaintiffs to effectively seek delisting, Defendants have vitiated the rights granted by section 501.807.  Even after the litigation commenced, Defendants provided an almost completely-redacted administrative record.  Accordingly, the Court should hold unlawful and set aside the sanctions imposed on Plaintiffs and provide the other relief outlined in this Complaint.

12.     OFAC's and State's refusal to produce any other information requires that they be limited solely to that information made available before the litigation began: the press releases dated June 2, 2021.  They should not be permitted to benefit from their dilatory tactics. The information in those press releases is inadequate as a matter of law to sustain the designations.

13.     Plaintiffs also request that the Court prohibit OFAC and State from sanctioning them for any alleged action(s) occurring up to the date of the original designation—June 2, 2021—due to Defendants' actions.

14.     State's separate action under section 7031(c) is also improper.  That law authorizes State to sanction a current government official.  However, at the time of his designation, Peevski was not a "government official" within the meaning of section 7031(c).  Therefore, that action violates the Administrative Procedure Act and constitutes *ultra vires* agency action.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction under 28 U.S.C. § 1331 as this action arises under the laws of the United States.

16.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

## PARTIES

17.     Plaintiff Delyan Slavchev Peevski is a citizen of Bulgaria. On June 2, 2021, Mr. Peevski was sanctioned by both OFAC and State, and was added to the SDN List maintained and administered by OFAC.  State's sanctions rendered Mr. Peevski and his children ineligible for entry into the United States.

18.     Plaintiff Int Ltd EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Int Ltd EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Int Ltd EOOD is located at Sofia 1618, 79 Ralevitsa Street.

19.     Plaintiff Intrust PLC EAD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Intrust PLC EAD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Intrust PLC EAD is located at Sofia 1618, 79 Ralevitsa Street.

20.     Plaintiff BM Systems EAD was a Bulgarian entity that was owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, BM Systems EAD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. BM Systems EAD was located at Sofia 1527, 119 Ekzarh Yosif Street.  Upon information and belief, BM Systems EAD is no longer an existing entity.

21.     Plaintiff Int Invest EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Int Invest EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Int Invest EEOD is located at Sofia 1618, 79 Ralevitsa Street.

22.     Plaintiff Inttrafik EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021, Inttrafik EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Inttrafik EEOD is located at Sofia 1618, 102 Bulgaria Boulevard.

23.     Plaintiff Real Estates Int Ltd EOOD is a Bulgarian entity that is owned and/or controlled by Mr. Peevski and has been designated solely on that basis. On June 2, 2021,

Real Estates Int Ltd EOOD was sanctioned by, and was added to the SDN List maintained and administered by, OFAC. Real Estates Int Ltd EOOD is located at Sofia 1618, 79 Ralevitsa Street.

24.     Defendant OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220.  OFAC is responsible for administering U.S. economic sanctions programs, including by developing and issuing regulations pursuant to the laws and executive orders that authorize economic sanctions actions.  OFAC is also the primary agency responsible for designating persons as SDNs and enforcing U.S. sanctions.  OFAC's sanctions responsibilities include designations and implementation under the GMA and EO 13818.

25.     Upon information and belief, Defendant Department of State's Bureau of International Narcotics and Law Enforcement Affairs ("INL") is responsible for addressing transnational crime and corruption.  INL is also responsible for designations under the GMA and pursuant to section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2021.  The Department of State is located at 2201 C St., NW, Washington, DC 20520.

26.     Defendant Janet Yellen is the Secretary of the Treasury of the United States. Ms. Yellen is sued in her official capacity.

27.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

28.     Defendant Anthony Blinken is the Secretary of State of the United States. Mr. Blinken is sued in his official capacity.

9

29.     Defendant Todd D. Robinson is the Assistant Secretary of the Bureau of International Narcotics and Law Enforcement Affairs.  Mr. Robinson is sued in his official capacity.

## STATEMENT OF FACTS AND ALLEGATIONS

30.     This lawsuit arises out of State's decision to act outside its statutory authority and OFAC's failure to abide by its own regulations.  As a result of the Defendants' unlawful actions, Plaintiff Peevski has been erroneously publicly designated as subject to section 7031(c) sanctions.  Defendants have collectively been subject to full blocking sanctions while being denied the reasons and bases for the imposition of sanctions against them, and effectively, the opportunity to submit relevant information to rebut the agency's allegations.

31.     State acted outside its statutory authority in designating Mr. Peevski under section 7031(c), and provides no reasons or bases for its action other than vague generalizations.

32.     OFAC has failed to articulate facts that support Plaintiffs' designations.  For more than 15 months, OFAC refused to produce an administrative record in support of its designation, despite multiple requests for the information the agency relied on to substantiate its actions.  State has been similarly recalcitrant, despite FOIA requests for supporting information.  Only after this litigation was filed did OFAC identify the administrative record.  When it ultimately provided what it deemed the record, the lone document was almost completely redacted, with only one Internet reference provided.

33.     On June 2, 2021, OFAC added Plaintiffs to the SDN List along with six entities owned or controlled by Plaintiffs.  Those six entities are: Int Ltd EOOD and Intrust

PLC EAD (which OFAC identified as owned or controlled by Plaintiffs), and BM Systems EAD, Int Invest EOOD, Inttrafik EOOD, and Real Estates Int Ltd EOOD (which are owned or controlled by Intrust PLC EAD).

34.    Simultaneously, State imposed sanctions against Mr. Peevski (and his two children) under Section 7031(c) of the FORPA.  Section 7031(c) states that "officials of foreign governments and their immediate family members" shall be ineligible for entry into the United States when State has "credible information" that they have been involved in "significant" corruption.

35.    Section 7031(c) is self-effectuating insofar as entry eligibility is concerned, once State makes the requisite findings.  The law grants State the discretion to "publicly or privately" designate persons identified under it.  FORPA is limited to "officials of foreign governments and their immediate family members" and does not identify any other classes of persons to whom it may be applied.  Nothing in FORPA provides State with discretion to broaden its application beyond such persons.

36.    As admitted in State's press release of June 3, 2021, at the time of his designation, Peevski was no longer a member of the Bulgarian Parliament.  He therefore was not an "official of [a] foreign government[]."   By imposing sanctions on individuals not subject to them, State acted outside its statutory authority under Section 7031(c).  The press release does not assert that on June 2, 2021, Peevski was an "official of [a] foreign government[]."

37.    The agencies also did not provide adequate information concerning the reasons and bases for their actions as required by the APA of their decisions and reasoning.  The only notice, official or otherwise, of these sanctions were two press

releases—one from OFAC, and another from State—and an essentially redundant (though even less informative) notice by OFAC in the Federal Register on June 8, 2021 (86 Fed. Reg. 30517).  Neither agency provides notice directly to designated persons.

38.    The press releases provide limited, general allegations concerning behavior or actions that the respective agencies claim support the designations.  Neither press release includes allegations of specific actions; and to date, despite repeated requests, neither agency has identified specific actions that support the designations.  For example, OFAC alleges broadly that Mr. Peevski was indirectly involved with "selling" residency documents to foreign persons but does not allege or identify any specific occurrences.

39.    The vagueness of these allegations frustrated Bulgarian authorities who investigated the assertions independently, and concluded that the allegations in the Departments' press releases were not substantiated.

40.    OFAC's press release also asserts that Mr. Peevski "has regularly engaged in corruption, using influence peddling and bribes," but contains no specific facts to support these allegations.  The press release states that Mr. Peevski "actively worked to negatively influence the Bulgarian political process in the October 27, 2019, municipal elections," asserting that he "negotiated with politicians to provide them with political support and positive media coverage in return for receiving protection from criminal investigations."  (OFAC has since informed Plaintiffs that the sanctions determination did not rely on this claim, thus belying any assertion that the "reasons and bases" for the sanctions determination are addressed in the press releases.  Surely, the agency cannot base its decision on false flag allegations).  The lack of specificity regarding these claims similarly frustrated the Bulgarian authorities, who concluded that there was no evidence

to support them, and that the generality of these claims rendered further investigation fruitless.  The inclusion of allegations deemed inapplicable by OFAC would appear to support this result.

41.    OFAC's "examples" make vague assertions about relationships that Mr. Peevski allegedly has with third parties.  For example, OFAC asserts that another individual, Dimitrov Zhelyazkov, who OFAC claims "was known for offering bribes to senior Bulgarian government officials" acted on behalf of Mr. Peevski.  These "officials" were allegedly "expected to provide information . . . for onward passage" to Mr. Peevski and "[i]n return . . . were placed in positions of authority and also provided a monthly bribe."  OFAC has provided no evidence to support these allegations and conclusions.

42.    OFAC also asserts that Mr. Peevski "had an official placed in a leadership position to embezzle funds to them in 2019."  OFAC does not describe how or why such action took place or could have taken place, explain how Mr. Peevski could make such arrangements, nor provide any details concerning any supporting fact. Nor does OFAC include anything identifying the official allegedly placed, the monies allegedly paid or embezzled, the manner in which the alleged embezzlement occurred, or any other pertinent fact.

43.    OFAC's press release further alleges that Mr. Peevski and an accomplice "ran a scheme to sell Bulgarian residency documents where company representatives purportedly paid bribes to Bulgarian officials to ensure their clients received citizenship documents immediately rather than making the $500,000 deposit or waiting the five years for a legitimate request to be processed."  Like with the other allegations, OFAC provides

no information other than these conclusory assertions, having confirmed only that it does allege that Mr. Peevski himself took these actions, but that others acted on his behalf.

44.     Without any factual support for its allegations, OFAC concludes, parroting the GMA and EO 13818, that Mr. Peevski is "responsible for or complicit in, or who have directly or indirectly engaged in, corruption, including the misappropriation of state assets, the expropriation of private assets for personal gain, corruption related to government contracts or the extraction of natural resources, or bribery."  State does not explain how these allegation make Mr. Peevski an "official of [a] foreign government[]."

45.      State's press release is even less informative, justifying its action on the following: "In his capacity as a member of parliament, Mr. Peevski used Zhelyazkov, an official in the National Bureau for Control on Special Intelligence-Gathering Devices, as an intermediary and accomplice to peddle influence and pay bribes to protect himself from public scrutiny and to exert influence over key institutions and sectors in Bulgarian society."

46.     Shortly after OFAC and State imposed sanctions, Plaintiffs made their initial request for the information and any facts and evidence that the agencies relied on for the designations.  Over the course of the following year, Plaintiffs made multiple requests for that information.

47.     Despite representing that the "administrative record" would be forthcoming within "weeks," Plaintiffs did not receive any part of the record upon which OFAC and State allegedly relied in making their determinations until after this litigation was filed. When the alleged administrative record was provided, almost all information was

redacted.  The only remaining information referred to a single Internet citation, which itself relied on notoriously unreliable Internet sources such as Wikipedia.

48.    Plaintiffs have now been sanctioned for more than 18 months, during which time they have not had access to the U.S. financial system.  For example, this prohibits banks around the world with correspondent status in the U.S. (which is the vast majority of banks in the world) from dealing with Plaintiffs, as well as any other entity with business activities in the U.S.  All of these consequences flow from OFAC's improper designation of Plaintiffs as an SDN.

49.    Despite Plaintiffs' requests and repeated representations from Defendants that an "administrative record" supporting these allegations exists, Defendants have failed to provide a scintilla of evidence in support of their press statements.  Defendants maintain these sanctions despite failing to provide factual support or bases for their actions.

50.    The lack of evidentiary support in the OFAC and State press releases renders the designations unsupportable.  In fact, Bulgaria's Office of Special Prosecutor investigated the general allegations in the agencies' press releases and, after spending several months attempting to independently corroborate these general statements, concluded that there was no evidence to support the agencies' assertions.  The Special Prosecutor determined that the lack of specificity made it impossible to confirm the US government's allegations.

51.    Plaintiffs are subject to these sanctions indefinitely.  Unable to see the evidence used to impose the sanctions, Plaintiffs are hamstrung in their ability to seek administrative relief.  Defendants' actions effectively force Plaintiffs to seek a delisting

under 31 C.F.R. § 501.807 and to show that an "insufficient basis exists" for the sanctions without knowing Defendants' reasons for the actions.

52.     On multiple occasions, Plaintiffs reminded OFAC that its failure to produce the "administrative record" has prejudiced Plaintiffs and continues to cause Plaintiffs harm.

53.     Classification of certain materials cannot excuse the extreme and prejudicial delay. Plaintiffs requested that OFAC provide Plaintiffs with the *unclassified* portions of the administrative record so Plaintiffs could understand and address the allegations against him.  OFAC declined that request.

54.     Despite OFAC's continuing inability to provide any further evidence of record, Plaintiffs provided responses to questions issued by OFAC on March 8, 2022.  In their responses, Plaintiffs reiterated their concerns with OFAC's failure to provide an administrative record and that this refusal continued to work to Plaintiffs' detriment.

55.     For more than a year after Plaintiffs were designated by OFAC, and not until this action was brought, the agency failed to produce an administrative record supporting their continued designation, leading to the inevitable conclusion that Defendants lack any further evidence on which to base the designation.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—
### IMPOSITION OF SANCTIONS
### (AGAINST STATE ONLY)

56.     Paragraphs 1 through 55 are re-alleged and incorporated by reference as though fully set forth therein.

57.     Under the Administrative Procedure Act, agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

58.     Under the Administrative Procedure Act, a reviewing court shall also set aside any agency action in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.  5 U.S.C. § 706(2)(C).

59.     The State Defendants' imposition of section 7031(c) sanctions on Mr. Peevski (and by extension his family members), who at the time of the imposition was no longer an "official of [a] foreign government[]," was not in accordance with law because section 7031(c) may only be imposed upon persons who are "officials of foreign governments."

60.     The State Defendants' imposition of section 7031(c) sanctions on Mr. Peevski was in excess of State's statutory jurisdiction and authority.

61.     State's imposition of sanctions upon Mr. Peevski's family members is only proper if the sanctions upon Mr. Peevski himself are valid.  They are not, and therefore neither are the sanctions upon individuals within Mr. Peevski's family.

62.     The Court should therefore hold unlawful and set aside State's imposition of sanctions upon Mr. Peevski and his family members.

**COUNT II**
***ULTRA VIRES* AGENCY ACTION—**
**IMPOSITION OF SANCTIONS**
**(AGAINST STATE ONLY)**

63.     Paragraphs 1 through 62 are re-alleged and incorporated by reference as though fully set forth therein.

17

64.     Independent of the Administrative Procedure Act, the Court may set aside agency actions as *ultra vires* when an agency acts beyond its legal authority.

65.     State's imposition of sanctions was *ultra vires* for the same reasons stated in Count I: section 7031(c) covers only officials of foreign governments, and at the time Mr. Peevski was sanctioned, Mr. Peevski was not an official of the Bulgarian government.

66.     The Court should therefore hold unlawful and set aside State's imposition of section 7031(c) sanctions upon Mr. Peevski and his family members.

**COUNT III**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—**
**IMPOSITION OF SANCTIONS**
**(AGAINST ALL DEFENDANTS)**

67.     Paragraphs 1 through 55 are re-alleged and incorporated by reference as though fully set forth therein.

68.     Under the Administrative Procedure Act, agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A), and agency action found to be without observance of procedure required by law, 5 U.S.C. § 706(2)(D), shall be held unlawful by a reviewing court and set aside.

69.     Defendants' imposition of sanctions on Plaintiffs on the only record made available—two press releases—lacks facts and circumstances adequate to support that action and is therefore arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

70.     Defendants have violated their procedural duty to provide the reasons and bases for their decisions.

71.     The Court should therefore hold unlawful and set aside OFAC's and State's imposition of sanctions on Plaintiffs.  In addition, having refused to provide any portion of the administrative record to Plaintiffs, the Court should order that the administrative record is limited to what Defendants have released publicly prior to the filing of this lawsuit.

**COUNT IV**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—**
**EFFECTIVE REFUSAL TO RECONSIDER**
**(AGAINST OFAC ONLY)**

72.     Paragraphs 1 through 71 are re-alleged and incorporated by reference as though fully set forth therein.

73.     Under 31 C.F.R. § 501.807, Plaintiffs may seek reconsideration of their designation by submitting "arguments or evidence that [they] believe[] establishes that insufficient basis exists for the designation."

74.     Defendants' failure to provide Plaintiffs with any additional information relating to their designations vitiates the procedural rights granted in 31 C.F.R. § 501.807.

75.     Absent the reasons and bases for Defendants' decisions, Plaintiffs have no ability to effectively respond to or refute Defendants' generalized assertions.

76.     Defendants had ample time to produce the "administrative record" upon which they relied but declined to do so, despite repeated requests, until after this litigation commenced and they were forced by court rule to provide that evidence.  Even then, Defendants produced scant portions of that record, redacting virtually every bit of information and leaving only one Internet citation to a notoriously unreliable website. Defendants have therefore failed to provide any meaningful bases for their decisions.

77.     Defendants' failure to produce the "administrative record" or any other records demonstrating a good faith basis for Plaintiffs' designations represents behavior that is arbitrary, capricious and contrary to law.

78.     As a result of Defendants' delays, Plaintiffs have been deprived of their ability to effectively seek reconsideration of their designations and deprived of their rights under section 501.807.

79.     Accordingly, the Court should order that the administrative record is limited to what Defendants have released publicly prior to the filing of this lawsuit.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for the Court to provide the following relief:

1.     Hold unlawful and set aside OFAC's and State's imposition of sanctions on Plaintiffs.

2.     Order that the full and complete administrative record is comprised only of the June 2, 2021 press releases issued by State and OFAC, and the June 8, 2021 Federal Register notice.

3.     Permanently enjoin Defendants from imposing sanctions of the type and nature against the Plaintiffs.

4.     Enter judgment in Plaintiffs' favor on all counts.

5.     Award Plaintiffs their attorneys' fees and costs;

6.     Any other such relief as the Court deems just and proper.

Dated: January 9, 2023              Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Kenneth J. Nunnenkamp*
Kenneth J. Nunnenkamp (Bar No. 420914)
Patrick A. Harvey (Bar No. 995570)
Amanda L. Salz (Bar No. 1671976)
1111 Pennsylvania Avenue NW
Washington, DC 20004
Tel:  (202) 739-6000
Fax: (202) 739-6001
Email: kenneth.nunnenkamp@morganlewis.com
      patrick.harvey@morganlewis.com
      amanda.salz@morganlewis.com

*Attorneys for Plaintiffs*