IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELYAN SLAVCHEV PEEVSKI, *et. al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 22-2334 (TSC)<br>) |
| JANET YELLEN, Secretary,<br>Department of the Treasury, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' SUR-REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Janet Yellen, *et al.* ("Defendants") respectfully submit this sur-reply in support of their Motion to Dismiss or, in the Alternative, for Summary Judgment. *See* Defs.' Mot. to Dismiss or, in the Alt., for Summ. J., ECF No. 29. Plaintiffs allege—for the first time in their reply memorandum—that the Court should not afford *Chevron* deference to the Department of State's interpretation of the operative phrase, "officials of foreign governments," even if the Court finds this phrase ambiguous. *See* Pls.' Reply Mem. in Supp. of Cross-Mot. for Summ. J., ECF No. 36 ("Pls.' Reply"), at 13-14. In particular, Plaintiffs now argue that "*Chevron* deference is not due until the Court concludes that the agency has the jurisdiction it asserts."[1] *Id.* at 13 (citing *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 649 (1990)).

---

[1] Plaintiffs allege that they "pointed out" on page 31 of their memorandum in opposition and in support of their cross-motion for summary judgment that "State's attempt to define its jurisdiction is due 'no deference.'" Pls.' Reply at 14. This argument does not appear on page 31. *See generally* Pls.' Mem. in Opp'n and Supp. of Cross-Mot., ECF No. 32-1, at 31. Rather, Plaintiffs emphasize their original (and primary) point: "Defendants . . . are only entitled to *Chevron* deference if the Court first finds that the [operative] term is ambiguous." *Id.*

Relying on *Adams Fruit Company v. Barrett*, 494 U.S. at 649, Plaintiffs contend the Department of State cannot obtain deference for its interpretation of "officials of foreign government" since the agency never received delegated authority from Congress in the first place. In *Adams*, the Court addressed whether the exclusivity provisions in state workers' compensation laws barred migrant workers from suing for intentional violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), which establishes a private right of action for "[a]ny person aggrieved by a violation." 494 U.S. at 642-43, 650-51. The plaintiff-employer asked the Supreme Court to defer to the Department of Labor's regulatory position that "[w]here a State workers' compensation law is applicable . . . the workers' compensation benefits are the exclusive remedy for loss under [the AWPA] in the case of bodily injury or death." *Id.* at 649 (quoting former 29 C.F.R. §500.122(b) (1989)). The Supreme Court held, *inter alia*, that a "precondition to deference under *Chevron* is a congressional delegation of administrative authority." *Id.* at 649. The Supreme Court explained that "Congress has expressly established the Judiciary and not the Department of Labor as the adjudicator of private rights of action arising under [the AWPA]." *Id.*

This case is readily distinguished. Congress expressly and unequivocally delegated to the Department of State the authority to identify and designate foreign government officials engaged in significant corruption or a gross violation of human rights. *See* Department of State, Foreign Operations, and Related Programs Appropriations Act, Section 7031(c), (Pub. L. No. 115-141, div. K., tit. VII, § 7031(c), 132 Stat. 348, 884-85) (2018). Indeed, Section 7031(c) expressly provides: "Officials of foreign governments . . . about whom the *Secretary of State* has credible information have been involved, directly or indirectly, in significant corruption, . . . or a gross violation of human rights shall be ineligible for entry into the United States." Section

7031(c)(1)(A) (emphasis added). The statute goes on to explain that the Secretary "*shall* publicly or privately designate or identify the officials of foreign governments and their immediate family members about whom *the Secretary* has such credible information[.]" Section 7031(c)(1)(B) (emphasis added). Thus, unlike the statute at issue in *Adams Fruit Company*, Congress unquestionably delegated to the Department of State the authority to designate such corrupt officials. *See* 494 U.S. at 649. With this authority secured, the Department of State has reasonably construed the phrase "officials of foreign governments"—for more than a decade—to encompass both current and former government personnel. *See* Defs.' Mem. in Supp. of Mot. to Dismiss or, in the Alt., for Summ. J., ECF No. 29-1, at 19-22. While Plaintiffs object to this permissible interpretation of an ambiguous phrase, the Court should nevertheless afford *Chevron* deference given Congress' clear intent to bestow on the Department of State the authority to combat overseas corruption.

Dated: May 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Director

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT (PA Bar# 203986)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889  Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*