UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DELYAN SLAVCHEV PEEVSKI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JANET YELLEN, Secretary,<br>Department of the Treasury, et al.,<br><br>    Defendants. | Civil Action No. 22-2334 (TSC) |

**OPENING SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Janet Yellen, *et al.*, respectfully submit their opening supplement brief in support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. *See* Defs.' Mot. to Dismiss or, in the Alt., for Summ. J., ECF No. 29. On February 27, 2023, Defendants asked the Court to dismiss the instant case or, alternatively grant the Government summary judgement, *see id.*, and later lodged the classified administrative record, *see* Notice of Classified Lodging, ECF No. 35. In response, Plaintiffs filed a cross-motion for summary judgment on April 3, 2023. *See* Pls.' Mot. for Summ. J., ECF No. 32. The Court subsequently stayed the case pending the Supreme Court's decision in *Relentless, Inc. v. Department of Commerce* and *Loper Bright Enterprises, v. Raimondo*, instructing the parties to propose next steps after the Supreme Court issued an opinion. *See* Jan. 24, 2024 Minute Order. As instructed, the parties proposed a schedule for supplemental briefing, *see* ECF No. 41, which the Court adopted, *see* July 25, 2024 Minute Order.

Defendants initially argued, in part, that the Court should defer to the Department of State's ("State") reasonable interpretation of Section 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2018 ("Section 7031(c)").  *See* Defs.' Mot. at 16-22 (citing *Chevron, USA, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984)).  In light of the Supreme Court's decision in *Loper Bright Enterprises, v. Raimondo*, 144 S. Ct. 2244 (2024), Defendants withdraw their reliance on *Chevron, USA, Inc.* and no longer contend that deference is owed to the agency's reasonable interpretation.[1]  But the overruling of *Chevron, USA, Inc.* does not cast doubt on the reasonableness of State's interpretation of its authority or the actions it has taken that are the subject of this litigation.

The Supreme Court made it abundantly clear that this Court may "seek aid from the interpretations" of the relevant agency "responsible for implementing particular statutes." 144 S. Ct. at 2262.  This is so because such interpretations "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the [Administrative Procedure Act ("APA")]."  *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 (1944)); *see also* Defs.' Mem in Supp. of Mot. to Dismiss or, in the Alt., for Summ. J. at 22, ECF No. 29-1 ("Defs' Mem.") ("State's interpretation of this term is persuasive pursuant to *Skidmore*[.]").  "'The weight of such a judgment in a particular case'" will, among other things, depend on "'the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Loper Bright Enterprises*, 144 S. Ct. at 2259 (quoting *Skidmore*, 323 U.S. at 140).  "And although an agency's interpretation of a statute 'cannot bind a court,' it may be especially informative 'to the extent it

---

[1] Defendants incorporate by reference all of the other arguments put forth in their Motion to Dismiss, or in the Alternative, for Summary Judgment.

rests on factual premises within [the agency's] expertise.'" *Id.* at 2267 (citing *Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 98, n. 8 (1983)). "Careful attention to the judgment of the Executive Branch may help inform" the Court's assessment of the agency's interpretation of a statute. *Id.* at 2273.

Here, State's reasonable interpretation of the term "officials" in Section 7031(c)—that is, applying to both current and former officials—should help inform the Court's decision. *See* Defs.' Mem. at 19-22. When Congress first authorized Section 7031(c), it expressly stated that the new authority was meant to further Presidential Proclamation 7750, which, in turn, explicitly suspended the entry into the United States of certain public officials or *former* public officials engaged in corruption. *Id.* at 19-20. Further, State has consistently notified Congress that it identifies former government officials under Section 7031(c); while Congress has updated the authority on several occasions, it has never limited the term "officials of foreign governments" to only "current" officials. *Id.* at 20-21. Finally, State's expertise in the area of foreign affairs informed its reasonable interpretation of the term "officials." Indeed, State determined that restricting the term "officials" to reach only current government actors would be incompatible with the purpose of Section 7031(c): projecting to the world that there are consequences to engaging in corruption and combatting such corrupt activities globally. *Id.* at 21-22.

In sum, the Court should adopt State's reasonable interpretation because the agency's reasoning is sound, consistent with Presidential Proclamation 7750, and rests on factual considerations within the scope of the agency's expertise.

//

//

//

Dated:  September 6, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM BOWEN
Assistant Director, Federal Programs Branch


*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT (PA Bar# 203986)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel:  (202) 353-0889   Fax:  (202) 616-8470
E-mail:  stephen.m.elliott@usdoj.gov

*Counsel for Defendants*