**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DELYAN SLAVCHEV PEEVSKI, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>JANET YELLEN, Secretary,<br>Department of the Treasury, et al.,<br><br>        Defendants. | Civ. No. 1:22-cv-02334-TSC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPENING SUPPLEMENTAL BRIEF**

Kenneth J. Nunnenkamp (Bar No. 420914)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 739-6000
Fax: (202) 739-6001
Email: kenneth.nunnenkamp@morganlewis.com

Counsel for Plaintiffs

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

CONCLUSION ................................................................................................................................. 3

-ii-

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Kisor v. Wilkie*,
    588 U.S. 558 (2019) (plurality opinion) ...................................................................................2

*Loper Bright Enterprises v. Raimondo*,
    144 S. Ct. 2244 (2024).........................................................................................................1, 2

*Relentless, Inc. v. Department of Commerce* ................................................................................1

**Statutes**

1 U.S.C. § 1.....................................................................................................................................2

Department of State, Foreign Operations, and Related Programs Appropriations
    Act, 2008, Pub. L. No. 110-161, § 699L, 121 Stat. 1844, 2373–74 (2007)...........................1, 2

**Other Authorities**

Mem. & Op., *Sanders v. District of Columbia*,
    No. 06-CV-1411 (D.D.C. Nov. 6, 2014), ECF No. 126 ......................................................2, 3

**INTRODUCTION**

Plaintiffs Delyan Slavchev Peevski ("Mr. Peevski"), Intrust PLC EAD, Int Ltd EEOD, Int Invest EOOD, BM Systems EAD, Inttrafik EOOD and Real Estates Int Ltd EOOD (collectively "Plaintiffs") submit this response to Defendants' Opening Supplemental Brief in support of their motion to dismiss or for summary judgment, and in support of Plaintiffs' opposition to Defendants' motions and in support of Plaintiffs' cross-motion for summary judgment.

This supplemental briefing is in accordance with the Court's Order of July 25, 2024, for submissions by the parties relating to the impact of the Supreme Court's decisions in the companion cases of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) and *Relentless, Inc. v. Department of Commerce*, (collectively "*Loper*").  While the Court's Order focused on Count I, Plaintiffs addressed *Loper*'s impact on other arguments advanced by Defendants for completeness and in accordance with their obligation to address new authorities.

**ARGUMENT**

Defendants' supplemental submission acknowledges that *Loper* requires the Court to determine the best interpretation of the disputed language in Section 7031(c).  *See* Opening Supplemental Brief in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Supp.") at 2.  Defendants' argument now appears to amount to the position that because State has always interpreted Section 7031(c) to include former government officials, the Court should accept that interpretation as reasonable.

*Loper* instructs, however, that while an agency interpretation based on agency expertise *may* deserve some consideration, it does not, by itself, constitute the "right" interpretation.  144 S. Ct. at 2267.  "[A]gencies have no special competence in resolving statutory ambiguities. Courts do."  *Id.* at 2266.  Moreover, where, as here, there is nothing unique about the agency's expertise

that can be brought to bear, no deference whatsoever is due to the agency's practice. *Id.* at 2267 ("When the agency has no comparative expertise in resolving a regulatory ambiguity, Congress presumably would not grant it that authority." (*quoting Kisor v. Wilkie*, 588 U.S. 558, 578 (2019) (plurality opinion))).  In the case of Section 7031(c), as Plaintiffs' have shown, the term in question — "officials of foreign governments" — presents a common meaning and understanding of those presently in office.  *Cf.* 1 U.S.C. § 1 (mandating that terms in the U.S. Code used in the present tense do not include past tense).  Here, Defendants seek not only to change tense but to incorporate a large universe of persons not specifically included—anyone who ever served in every government in any position.  Further, Defendants continue to insist that only the word "officials" is relevant when in fact, the full term is "officials of foreign governments."

Defendants' reticence is understandable because it seeks to have the Court ignore the key adjectival phrase "of foreign governments," which itself places a present temporal understanding.  One is not an official "of" government after one is no longer part of that government.

Defendants do not address the other implications of *Loper*.  Cognizant that the Court's Order referred to Count I in the Complaint, Plaintiffs indicated in their supplemental brief that they addressed these matters both because *Loper* applies to more than Count I and in line with the Court's general rule relating to the submission of supplemental authority.  *See, e.g.*, Mem. & Op., *Sanders v. District of Columbia*, No. 06-CV-1411 (D.D.C. Nov. 6, 2014), ECF No. 126.  Given the significance of *Loper* to the question of the appropriate roles of the courts and agencies and the amount of deference due the latter from the former, Plaintiffs addressed all of those implications in their filing.  To the extent the Court may deem that additional discussion as requiring leave, Plaintiffs respectfully request leave to submit those additional arguments for the

Court's consideration. In any event, Defendants have the opportunity to respond, consistent with the Court's guidance in *Sanders*.

## CONCLUSION

For the reasons discussed here and in Plaintiffs' briefs, the Court should deny the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and grant Plaintiffs' Motion for Summary Judgment.

Dated: September 20, 2024          Respectfully submitted,


/s/ Kenneth J. Nunnenkamp
KENNETH J. NUNNENKAMP (Bar No. 420914)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 739-6000
Fax: (202) 739-6001
E-mail: kenneth.nunnenkamp@morganlewis.com
Counsel for Plaintiffs